# United States District Court
## Central District of California

| | |
|---|---|
| **UNITED STATES OF AMERICA vs.** | **Docket No.**  CR 08-00186(B)-GAF-3 <br> CR 08-00630-GAF-1  ✓ |
| **Defendant**   ELTON EION TABLADA | **Social Security No.**  9  0  3  7 |
| akas:  Ron Dwayne Wilder; Roy Dwayne Wilder; Moniker: E-Rock | (Last 4 digits) |

## JUDGMENT AND PROBATION/COMMITMENT ORDER

In the presence of the attorney for the government, the defendant appeared in person on this date.   MONTH 03   DAY 01   YEAR 2010

**COUNSEL**   [X] WITH COUNSEL      William R. Domnarski, Appointed
(Name of Counsel)

**PLEA**   [X] GUILTY, and the court being satisfied that there is a factual basis for the plea.   [ ] NOLO CONTENDERE   [ ] NOT GUILTY

**FINDING**   There being a finding/verdict of [X] GUILTY, defendant has been convicted as charged of the offense(s) of:
Conspiracy to Commit Bank Robbery in violation of 18 U.S.C. §371 and Armed Bank Robbery in violation of (18 U.S.C. §2113(a), (d)) as charged in Counts 1 and 2 of the Indictment in Case Number: CR08-00630-GAF; and, Conspiracy to Commit Bank Robbery in violation of 18 U.S.C. §371; Armed Bank Robbery in violation of 18 U.S.C. §2113(a), (d); and Use of Firearm During Crime of Violence 18U.S.C. §924(c) s charged in Counts 1, 2 and 3 of the Second Superseding Indictment in case number CR 08-186(B)-GAF.

**JUDGMENT AND PROB/ COMM ORDER**   The Court asked whether there was any reason why judgment should not be pronounced. Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that: Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant, Elton Eion Tablada, is hereby committed on Counts one and two of the Indictment in CR08-00630-GAF and to Counts one, two, and three of the Second Superseding Indictment in CR 08-186(B)-GAF, to the custody of the Bureau of Prisons to be imprisoned for a term of 168 months. This term consists of 60 months on count one of the Indictment, 84 months on count two of the Indictment, 60 months on count one of the Second Superseding Indictment, and 84 months on count two of the Second Superseding Indictment, to be served concurrently to each other, and 84 months on count three of the Second Superseding Indictment, to be served consecutively to the terms imposed in counts one and two of the Indictment and counts one and two of the Second Superseding Indictment.

It is ordered that the defendant shall pay to the United States a special assessment of $500, which is due immediately.

It is ordered that the defendant shall pay restitution in the total amount of $141,084.00 pursuant to 18 U.S.C. § 3663A. Defendant shall pay restitution in the total amount of $141,084.00 to victim(s) as set forth in a separate victim list prepared by the Probation Office which this Court adopts and which reflects the Court's determination of the amount of restitution due to each victim. The victim list, which shall be forwarded by the Probation Officer to the fiscal section of the Clerk's Office, shall remain confidential to protect the privacy interests of the victims.

The defendant shall be held jointly and severally liable with co-defendants Sharon Michelle Tablada and Jamonn Lamont Lindsey (Docket No. CR 08-00186(B)-GAF) and co-participant Jeffrey Gibson (Docket No. CR 06-00777-GAF) for the amount of restitution ordered in this judgment.

Restitution shall be due during the period of imprisonment, at the rate of not less than $25 per quarter, and pursuant to the Bureau of Prisons' Inmate Financial Responsibility Program. If any amount of the restitution remains unpaid after release from custody, nominal monthly payments of at least $25 shall be

made during the period of supervised release. These payments shall begin 30 days after the commencement of supervision. Nominal restitution payments are ordered as the court finds that the defendant's economic circumstances do not allow for either immediate or future payment of the amount ordered.

Pursuant to 18 U.S.C. § 3612(f)(3)(A), interest on the restitution ordered is waived because the defendant does not have the ability to pay interest. Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

The defendant shall comply with General Order No. 01-05.

All fines are waived as it is found that the defendant does not have the ability to pay a fine in addition to restitution.

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of five years. This term consists of three years on count one of the Indictment and three years on count one of the Second Superseding Indictment and five years on count two of the Indictment and five years on each of counts two and three of the Second Superseding Indictment; all such terms to run concurrently under the following terms and conditions:

1. The defendant shall comply with the rules and regulations of the U. S. Probation Office and General Order 318;

2. The defendant shall not commit any violation of local, state or federal law or ordinance.

3. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed eight tests per month, as directed by the Probation Officer;

4. The defendant shall participate in an outpatient substance abuse treatment and counseling program that includes urinalysis, saliva and/or sweat patch testing, as directed by the Probation Officer. The defendant shall abstain from using illicit drugs and alcohol, and abusing prescription medications during the period of supervision;

5. During the period of community supervision the defendant shall pay the special assessment and restitution in accordance with this judgment's orders pertaining to such payment;

6. When not employed at least part-time and/or enrolled in an educational or vocational program, the defendant shall perform 20 hours of community service per week as directed by the Probation Officer;

7. The defendant may not associate with anyone known to him to be a Black P Stone gang member or persons associated with the Black P Stone gang, with the exception of his family members.

8. The defendant shall not use, for any purpose or in any manner, any name other than his true legal name;

9. The defendant shall cooperate in the collection of a DNA sample from the defendant; and,

10. The defendant shall comply with the immigration rules and regulations of the United States, and if deported from this country, either voluntarily or involuntarily, not reenter the United States illegally. The defendant is not required to report to the Probation Office while residing outside of the United States; however, within 72 hours of release from any custody or any reentry to the United States during the period of Court-ordered supervision, the defendant shall report for instructions to the United States Probation Office located at the United States Court House, 312 North Spring Street, Room 600, Los Angeles, California; and

It is recommended that the defendant be designated to a facility located in our near Phoenix, Arizona.

The Court recommends that the defendant be designated in a Bureau of Prison facility wherein the defendant may participate in a 500-hour drug treatment program.

Defendant informed that he has waived his right to appeal

On the Government's motion, all remaining counts of the underlying indictment/information are ordered dismissed.

On the Government's motion, the criminal forfeiture is ordered dismissed in Case Number CR 08-186(B) GAF.

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release within this judgment be imposed. The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

March 1, 2010
Date                                   U. S. District Judge, GARY ALLEN FEESS

It is ordered that the Clerk deliver a copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.

Clerk, U.S. District Court

March 1, 2010                          By    RENEE A. FISHER
Filed Date                                   Deputy Clerk

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

**STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE**

While the defendant is on probation or supervised release pursuant to this judgment:

Case 2:08-cr-00630-GAF   Document 66   Filed 03/01/10   Page 4 of 6   Page ID #:233

| USA vs. ELTON EION TABLADA | Docket No.: | CR 08-00186(B)-GAF-3 |
| --- | --- | --- |
| | | CR 08-00630-GAF-1 |

1. The defendant shall not commit another Federal, state or local crime;
2. the defendant shall not leave the judicial district without the written permission of the court or probation officer;
3. the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5. the defendant shall support his or her dependents and meet other family responsibilities;
6. the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7. the defendant shall notify the probation officer at least 10 days prior to any change in residence or employment;
8. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered;
10. the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12. the defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
13. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to conform the defendant's compliance with such notification requirement;
15. the defendant shall, upon release from any period of custody, report to the probation officer within 72 hours;
16. and, for felony cases only: not possess a firearm, destructive device, or any other dangerous weapon.

[X]   The defendant will also comply with the following special conditions pursuant to General Order 01-05 (set forth

**STATUTORY PROVISIONS PERTAINING TO PAYMENT AND COLLECTION OF FINANCIAL SANCTIONS**

The defendant shall pay interest on a fine or restitution of more than $2,500, unless the court waives interest or unless the fine or restitution is paid in full before the fifteenth (15th) day after the date of the judgment pursuant to 18 U.S.C. §3612(f)(1). Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g). Interest and penalties pertaining to restitution, however, are not applicable for offenses completed prior to April 24, 1996.

If all or any portion of a fine or restitution ordered remains unpaid after the termination of supervision, the defendant shall pay the balance as directed by the United States Attorney's Office. 18 U.S.C. §3613.

The defendant shall notify the United States Attorney within thirty (30) days of any change in the defendant's mailing address or residence until all fines, restitution, costs, and special assessments are paid in full. 18 U.S.C. §3612(b)(1)(F).

The defendant shall notify the Court through the Probation Office, and notify the United States Attorney of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution, as required by 18 U.S.C. §3664(k). The Court may also accept such notification from the government or the victim, and may, on its own motion or that of a party or the victim, adjust the manner of payment of a fine or restitution-pursuant to 18 U.S.C. §3664(k). See also 18 U.S.C. §3572(d)(3) and for probation 18 U.S.C. §3563(a)(7).

Payments shall be applied in the following order:

1. Special assessments pursuant to 18 U.S.C. §3013;
2. Restitution, in this sequence:
    Private victims (individual and corporate),
    Providers of compensation to private victims,
    The United States as victim;
3. Fine;
4. Community restitution, pursuant to 18 U.S.C. §3663(c); and
5. Other penalties and costs.

Case 2:08-cr-00630-GAF   Document 66   Filed 03/01/10   Page 5 of 6   Page ID #:234

| | | |
|---|---|---|
| USA vs.   ELTON EION TABLADA | Docket No.: | CR 08-00186(B)-GAF-3<br>CR 08-00630-GAF-1 |

## SPECIAL CONDITIONS FOR PROBATION AND SUPERVISED RELEASE

As directed by the Probation Officer, the defendant shall provide to the Probation Officer: (1) a signed release authorizing credit report inquiries; (2) federal and state income tax returns or a signed release authorizing their disclosure and (3) an accurate financial statement, with supporting documentation as to all assets, income and expenses of the defendant. In addition, the defendant shall not apply for any loan or open any line of credit without prior approval of the Probation Officer.

The defendant shall maintain one personal checking account. All of defendant's income, "monetary gains," or other pecuniary proceeds shall be deposited into this account, which shall be used for payment of all personal expenses. Records of all other bank accounts, including any business accounts, shall be disclosed to the Probation Officer upon request.

The defendant shall not transfer, sell, give away, or otherwise convey any asset with a fair market value in excess of $500 without approval of the Probation Officer until all financial obligations imposed by the Court have been satisfied in full.

These conditions are in addition to any other conditions imposed by this judgment.

## RETURN

I have executed the within Judgment and Commitment as follows:

Defendant delivered on _____ to _____
Defendant noted on appeal on _____
Defendant released on _____
Mandate issued on _____
Defendant's appeal determined on _____
Defendant delivered on _____ to _____
    at _____
the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

United States Marshal

By _____

_____                                    
Date                                        Deputy Marshal

## CERTIFICATE

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

Clerk, U.S. District Court

By _____

Case 2:08-cr-00630-GAF   Document 66   Filed 03/01/10   Page 6 of 6   Page ID #:235

USA vs.   ELTON EION TABLADA                              Docket No.:   CR 08-00186(B)-GAF-3
                                                                        CR 08-00630-GAF-1

| Filed Date | Deputy Clerk |
|---|---|

**FOR U.S. PROBATION OFFICE USE ONLY**

Upon a finding of violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

| (Signed) | |
|---|---|
| Defendant | Date |

| | |
|---|---|
| U. S. Probation Officer/Designated Witness | Date |